CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 23 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| MORGAN ENOCH VANDERGRIFT, | ) | CASE NO. 5:12CV00035 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| GEORGE MASON UNIVERSITY, et al., | ) | |
| Defendants. | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

Plaintiff has filed this *pro se* discrimination action against George Mason University, Kenneth Hubble, Maurice Scherrens, David S. Ganley, and David Atkins. The case was referred to the undersigned on April 19, 2012, pursuant to 28 U.S.C. § 636(b)(1)(B), to conduct proceedings and submit to the presiding District Judge a report setting forth proposed findings of fact, conclusions of law, and a recommended disposition of any pending dispositive motion. On May 30, 2012, defendants filed a motion to dismiss plaintiff's Complaint in its entirety for improper venue under Fed. R. Civ. P. 12(b)(3), or in the alternative, to transfer the case to the Eastern District of Virginia, Alexandria Division. For the reasons set forth below, the undersigned RECOMMENDS that defendants' May 30, 2012 motion to dismiss be GRANTED and that this action be DISMISSED without prejudice to permit plaintiff to refile his case in the Eastern District of Virginia, should he so elect.

## BACKGROUND

According to his Complaint, plaintiff was an employee of George Mason University from 1984-2010. He alleges that on July 27, 2010 his home in Front Royal, Virginia was searched by a team consisting of both George Mason University police and officers with the Front Royal Police

Department. From what the undersigned can glean from the Complaint, plaintiff later was discharged from his employment at George Mason University for embezzlement, for which he was criminally charged in State court. Plaintiff alleges that he entered a plea of guilty and was sentenced on March 11, 2011[1], but he alleges that he pled guilty only to avoid jail time and to keep his wife and son from being charged. Plaintiff alleges that he was the victim of "reverse discrimination" and discrimination on the basis of learning and physical disabilities.[2] Plaintiff has not set forth any allegations relating to the date of his discharge from employment with George Mason University.

**MOTION TO DISMISS**

The defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. They assert that all parties to the action either reside or have principal places of business in Virginia; thus jurisdiction based on diversity of citizenship is foreclosed. Moreover, defendants submit that a substantial part of the alleged acts or omissions that give rise to the Complaint occurred in Fairfax County, Virginia, which lies is in the Eastern District of Virginia, specifically the Alexandria Division.[3]

In support of their motion to dismiss, defendants have filed an Affidavit which provides the permanent addresses for each of the defendants as of May 23, 2012. According to the Affidavit, defendant Kenneth Hubble resides in Spotsylvania County, Virginia; defendant Maurice Scherrens resides in Fairfax County, Virginia; defendant David S. Ganley resides in

---

[1] The Complaint does not set forth where the charges were brought, the precise nature of the charges, or the sentence imposed upon plaintiff.
[2] Plaintiff alleges that he is Caucasian.
[3] The only conduct which did not occur in the Eastern District of Virginia is the alleged search of plaintiff's residence, which is located in Front Royal, Virginia. Front Royal falls within the Western District of Virginia.

2

Case 5:12-cv-00035-MFU-BWC   Document 16   Filed 07/23/12   Page 2 of 5   Pageid#: 125

Loudoun County, Virginia; and defendant David Atkins resides in the city of Manassas, Virginia. They simply argue that the only appropriate venue is the Eastern District of Virginia, Alexandria Division.

In his opposition to the motion to dismiss, plaintiff argues that this case should neither be dismissed nor transferred to the Eastern District of Virginia. Plaintiff contends that this case should be maintained in the Western District of Virginia for the following reasons: (1) defendant George Mason University is a "prominent entity" in Northern Virginia; (2) plaintiff resides in the Western District of Virginia; and (3) defendant Ganley and two other Front Royal police officers conducted a search of plaintiff's residence, which is located in the Western District of Virginia.

**APPLICABLE LAW AND DISCUSSION**

Certainly, a motion to dismiss may be premised on improper venue. *See* Fed. R. Civ. P. 12(b)(3). Once the propriety of venue is raised by a defendant, the plaintiff bears the burden of establishing that venue is proper. *Flexible Benefits Council v. Feltman,* 1:08CV371, 2008 WL 2465457, at *5 (E.D.Va. June 16, 2008). If the court finds that venue is improper, the court may dismiss the case or, if it is in the interests of justice, the court may transfer the case to a district where venue was proper in the first instance. 28 U.S.C. § 1406(a).

Under 28 U.S.C. § 1391(b), cases premised on a federal question may be brought in the district where any defendant resides, if all defendants are residents of the state in which the district is located; in the district in which a substantial part of the events or omissions giving rise to the claim occurred; or in a district in which any defendant is subject to the court's personal jurisdiction, provided there is no district where an action otherwise may be brought.

In this case, all defendants reside in the Eastern District of Virginia. Moreover, a substantial part of the alleged acts or omissions that give rise to the Complaint took place in the

3

Eastern District of Virginia. Accordingly, plaintiff cannot meet his burden of establishing that venue in the Western District of Virginia is proper.

Then, the question becomes whether the court should dismiss the case without prejudice to allow plaintiff to refile in the proper forum, or whether the case simply should be transferred. It is the undersigned's view that plaintiff's Complaint is lacking in allegations critical to establishing any claim upon which federal question jurisdiction could be established. Specifically, whether considered claims under 42 U.S.C. § 1983 or employment discrimination under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101–12213, plaintiff would be required to articulate the factual and legal bases upon which he was proceeding and allege, as the case may be, an exhaustion of his administrative remedies. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These allegations are lacking in the instant Complaint. Thus, the undersigned believes it would disserve the administration of justice to transfer this action in its current state to the Eastern District of Virginia. A dismissal of this action without prejudice would allow plaintiff an opportunity to ponder himself, or consult with an attorney, over the sufficiency of his asserted claims, and if he so elects, he can refile his case in the proper venue.

For all these reasons, the undersigned RECOMMENDS that an Order enter GRANTING defendants' May 30, 2012 motion to dismiss and DISMISSING this action without prejudice to refile in the Eastern District of Virginia, should plaintiff so elect.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not

4

specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: /s/ *signature*
U. S. Magistrate Judge

7/23/12
Date

5